Judge Owsley
delivered the opinion.
This was a petition and summons brought by Gorin to recover $302 ¿0 cents, the amount of a promissory note executed by Gray to Gorin.
Gray pleaded two pleas — 1st, payment generally — 2dly, payment of $300 in bar of that much of Gorin’s demand.
To the first plea Gorin replied generally, that Gray had not paid the debt; and to that replication Gray demurred, and the demurrer was overruled by the court.
To tbe second plea Gorin replied, denying that Gray had paid the $300, as in the said plea alleged,
After tbe demurrer of Gray to Gorin’s replication to the first plea was overruled, and no further answer made by Gray to that replication, the court rendered judgment against Gray for $2 50 cents, the residue of Gorm’s demand not answered by tbe second plea, together with the costs of suit.
A jury was then called to try the issue joined on the second plea; and after a verdict w'as found for Gorin on that issue, another judgment was rendered against Gray for $300, together with tbe costs of suit.
To reverse these judgments, Gray has brought the case to this court.
The court, no doubt, decided correctly in overruling the demurrer of Gray to Gorin’s replication to the first plea. That replication is in the usual form, and contains every essential allegation to a valid replication.
It was, however, incorrect, after overruling that demurrer, to render judgment against Gray for the residue of Go-Tin’s demand not answered by the second plea, and costs *557 of suit, before the issue takea to the second plea was triedf. The failure of Gray to answer the whole demand in the se* cond plea, was equivalent to an admission of so much of the demand as was not answered, and if the issue to that plea had been found against Gorin, even were the plea admitted to be good, (and whether it be good or not, is not material to decide) he might nevertheless have taken judg-mem against Gray for that part of the demand which remained unanswered by the plea; but as by his replication Gorin insisted on his right to recover that part of his de tuand which was unanswered by the plea also, strictly speaking, judgment should not have been entered in his fa vor for the amount not answered by the plea, until a trial was had of the issue; and after that issue was found for him, judgment should have been rendered for his entire demand and costs. It is true, although two judgments have been rendered in favor of Gorin, be has not recovered more debt than he appears to he entitled to; but by sever-ir>g the debt, the judgm«nls do not conform to the action; and as separate executions would have to issue on each . , ' ra i . • i i „ judgtnent. Gray may be subjected to the costs of two, whereas if there had been but one judgment, he copld have been liable but for the costs of one execution; — besides, Gorin i^not entitled to double costs, and be apppears to have recovered two separate judgments for the entire costs of suit.
the one traversingtiie ⅛⅜ otherun part only, on nmrrer m the pl’tfs decía-ration, it is against him fop that part oi 1 ⅛5 ^e' mand unanswered to till the issue U on theuonlyotie judgment should been-tered‘
Crittenden for appellant, Clay for appellee.
T he judgment must be reversed with costs, the causere-manded to-the court below, and judgment there entered in favor of Gorin for the amount of bis debt contained in the petition, together with interest and costs.